**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Glenn A. Danas (SBN 270317)
*gdanas@clarksonlawfirm.com*
Zarrina Ozari (SBN 334443)
*zozari@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT – SOUTHERN DIVISION OF CALIFORNIA

| | |
|---|---|
| DVAUGHN JACKSON, DEANDRE RASHAD COOK,  ABRAHAM VAZQUEZ, GUADALUPE JAVIER HERNANDEZ JR., and MORONI RODRIGUEZ, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUZUKI MOTOR OF AMERICA, INC., a California Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  BREACH OF IMPLIED WARRANTY UNDER CALIFORNIA LAW;<br>2.  VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT;<br>3.  VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq.;*<br>4.  UNJUST ENRICHMENT;<br>5.  FRAUD BY CONCEALMENT;<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs DVAUGHN JACKSON, DEANDRE COOK, ABRAHAM VAZQUEZ, GUADALUPE HERNANDEZ JR., and MORONI RODRIGUEZ ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Class"), by and through their attorneys, bring this class action against Defendants Suzuki Motor of America, Inc. and Does 1-50, inclusive (collectively, "Defendants" or "Suzuki") and alleges as follows:

## I.   **INTRODUCTION**

1.   Plaintiffs bring this consumer class action on behalf of themselves and all persons in the Unites States to address Suzuki's failure to disclose the existence of material safety defects and to remedy those defects in sport motorcycles of the following models: Hayabusa, GSX-R1000R, GSX-R1000RZ, GSX-R1000, GSX-R750, GSX-R750Z, GSX-R600, GSX-R600Z, GSX250R ABS (collectively "Sport Motorcycles"). Specifically, Suzuki failed to disclose that its Sport Motorcycles contained defective front brake master cylinders ("FBMC.")

2.   The defective FBMCs in Sport Motorcycles are prone to random and sudden failures during normal use. As a result, the defective FBMCs present an extreme and unreasonable safety hazard to drivers, passengers, and pedestrians due to potential failure, which, in turn, can lead to accidents.

3.   Since 2004, Suzuki has been aware that their Sport Motorcycles contain defective FBMCs that can cause sudden brake failures. Quite astoundingly, Suzuki has expressly acknowledged the extreme dangers associated with brake failures, but in an egregious violation of their duties under the law, has continued to use the defective component.

4.   Suzuki concealed from Plaintiffs and Class members that their Sport Motorcycles contained defective FBMCs. Instead of immediately recalling the defective product from the market, Suzuki continues to design, manufacture, and install the defective FBMCs in Sport Motorcycles.

5.   Suzuki is well experienced in the design and manufacture of motorcycles. As an experienced motorcycle manufacturer, Suzuki conducts quality control and pre-sale testing to ensure its motorcycles are free from defects and align with their specifications. This should have included the FBMCs. As such, Suzuki knew or should have known their Sport Motorcycles were plagued by the FBMC defect and the serious safety risks it presents.

6.   Plaintiffs and Class members purchased Suzuki Sport Motorcycles that, at the time of purchase, were of a lesser standard and quality than represented and were not fit for the ordinary purpose of providing safe transportation. Plaintiffs and Class members would not have purchased or would have paid less for their Sport Motorcycles had they known of the FBMC defect. Plaintiffs

CLASS ACTION COMPLAINT

and Class members have suffered damages in that they lost the benefit of their bargains, overpaid for their Sport Motorcycles, and suffered diminution in value of their Sport Motorcycles, loss of use of their Sport Motorcycles, as well as incurred out-of-pocket expenses related to loss of use of the sport motorcycles.

## II.      JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332, because: (i) the proposed Class consists of 100 or more members; (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (iii) minimal diversity exists because at least one Plaintiff and Defendant are citizens of different states.

8.      In addition, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims because all claims are derived from a common nucleus of operative facts and are such that Plaintiffs would ordinarily expect to try them in one judicial proceeding.

9.      This Court has personal jurisdiction over Defendants. Defendants conducted business within the State of California, have purposefully availed themselves of the benefit and protections of the State of California, and/or have sufficient contact with the State of California such that maintenance of this action in this Court would be consistent with traditional notions of fair play and substantial justice.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(a) and (c)(2) because Defendant Suzuki's contacts are sufficient to subject them to personal jurisdiction in this District, and therefore, Defendant Suzuki resides in this District for purposes of venue, or under 28 U.S.C. § 1391(b)(2) because certain acts giving rise to the claims at issue in this Complaint occurred, among other places, in this District.

## III.     THE PARTIES

11.     Plaintiff Dvaughn Jackson, is, and at all times relevant to this action has been, a citizen of California, residing in the county of Orange. In or around August 2022, Plaintiff Jackson purchased a new 2022 GXS-R600 Suzuki motorcycle from Motor United, Suzuki's official dealership in Belflower, CA. Prior to purchase, Plaintiff Jackson spoke with the dealer sales representative about the motorcycle and inspected the motorcycle. Plaintiff Jackson was never

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

2

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

informed by Defendants or the dealer sales representative that his motorcycle suffered from the FBMC defect and relied upon this fact in purchasing his motorcycle. Plaintiff Jackson purchased his motorcycle for personal purposes. Suzuki manufactured, sold, distributed, advertised, and warranted the motorcycle. Around June 2023, Plaintiff Jackson discovered that his motorcycle was defective when his brakes failed to stop as he applied full braking force while driving on a busy road. Luckily, Plaintiff Jackson did not get into an accident. Plaintiff Jackson continues to experience FBMC failure almost every time he uses his motorcycle. The most recent event concerning the FBMC's failure to respond to the full braking force took place on October 24, 2023. Plaintiff Jackson was able to avoid an accident because the road on which he was driving had no vehicles at the time of the occurrence.

12.     Plaintiff Deandre Cook, is, and at all times relevant to this action has been, a citizen of California, residing in the county of San Bernardino. In or around December 19, 2022, Plaintiff Cook purchased a 2023 GSX-R600 Suzuki motorcycle from Del Amo Motorsports, Suzuki's official dealership in Santa Ana, CA. Prior to purchase, Plaintiff Cook spoke with the dealer sales representative about the motorcycle and inspected the motorcycle. Plaintiff Cook was never informed by Defendants or the dealer sales representative that his motorcycle suffered from the FBMC defect and relied upon this fact in purchasing his motorcycle. Plaintiff Cook purchased his motorcycle for personal purposes. Suzuki manufactured, sold, distributed, advertised, and warranted the motorcycle. In March 2023, less than two months after Plaintiff Cook purchased his motorcycle, the FBMC failed to respond when he applied full braking force to stop his moving motorcycle. Plaintiff Cook was driving on a busy road and could have seriously injured himself. Luckily, Plaintiff Cook did not get into an accident.

13.     Plaintiff Abraham Vazquez, is, and at all times relevant to this action has been, a citizen of California, residing in the county of Orange. In or around November 2023, Plaintiff Vazquez purchased a 2023 GSX-R1000 Suzuki motorcycle from Malcom Smith Motorsports, Suzuki's official dealership in Riverside, CA. Prior to purchase, Plaintiff Vazquez spoke with the dealer sales representative about the motorcycle and inspected the motorcycle. Plaintiff Vazquez was never informed by Defendants or the dealer sales representative that his motorcycle suffered

CLASS ACTION COMPLAINT

from the FBMC defect and relied upon this fact in purchasing his motorcycle. Plaintiff Vazquez purchased his motorcycle for personal purposes. Suzuki manufactured, sold, distributed, advertised, and warranted the motorcycle.

14.   Plaintiff Guadalupe Hernandez Jr., is, and at all times relevant to this action has been, a citizen of California, residing in the county of Fresno. In or around April 2022, Plaintiff Hernandez Jr. purchased a 2022 GXS-R600 Suzuki motorcycle from Wilson's Power Sports, Suzuki's official dealership in Madera, CA. Prior to purchase, Plaintiff Hernandez Jr. spoke with the dealer sales representative about the motorcycle and inspected the motorcycle. Plaintiff Hernandez Jr. was never informed by Defendants or the dealer sales representative that his motorcycle suffered from the FBMC defect and relied upon this fact in purchasing his motorcycle. Plaintiff Hernandez Jr. purchased his motorcycle for personal purposes. Suzuki manufactured, sold, distributed, advertised, and warranted the motorcycle.

15.   Plaintiff Moroni Rodriguez, is, and at all times relevant to this action has been, a citizen of California, residing in the county of Orange. In or around June 2022, Plaintiff Rodriguez purchased a 2017 GXS-R600 Suzuki motorcycle from Del Amo Motorsports, Suzuki's official dealership in Santa Ana, CA. Prior to purchase, Plaintiff Rodriguez spoke with the dealer sales representative about the motorcycle and inspected the motorcycle. Plaintiff Rodriguez was never informed by Defendants or the dealer sales representative that his motorcycle suffered from the FBMC defect and relied upon this fact in purchasing his motorcycle. Plaintiff Rodriguez purchased his motorcycle for personal purposes. Suzuki manufactured, sold, distributed, advertised, and warranted the motorcycle.

16.   Defendant Suzuki Motor of America. Inc. ("Suzuki") is a corporation organized under the laws of the State of California and registered to do business in California. Suzuki has done and is doing business within California, including the county of Orange. Suzuki is responsible for manufacturing, marketing, distribution, sale, and service of Sport Motorcycles in the United States, including the State of California.

17.   In addition to the Defendant named above, Plaintiffs and Class members sue fictitiously named Defendants Does 1 through 50, inclusive, pursuant to Section 474 of the

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

California Code of Civil Procedure, because their names, capacities, status, or facts showing them to be liable to Plaintiffs are not presently known. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and such Defendants caused Plaintiffs' damages as herein alleged. Plaintiffs will amend this complaint to show these Defendants' true names and capacities, together with appropriate charging language, when such information has been ascertained.

## IV.   **FACTUAL ALLEGATIONS**

18.    Suzuki designs, manufactures, tests, markets, supplies, sells, and distributes Suzuki-branded sport motorcycles of the following models: Hayabusa, GSX-R1000R, GSX-R1000RZ, GSX-R1000, GSX-R750, GSX-R750Z, GSX-R600, GSX-R600Z, GSX250R ABS (collectively "Sport Motorcycles").

19.    Every Sport Motorcycle contains a front brake master cylinder ("FBMC."). The FBMC plays a central role in a Sport Motorcycle's ability to stop when a driver applies full braking force. An accident can occur if the FBMC fails to engage or responds slowly when the braking force is applied while in motion.

20.    Suzuki's FBMCs are defective in that they are prone to corrosion of the brake piston through normal use of the motorcycle. This defect is endemic and significant because the corrosion leads to various forms of brake failure.

21.    Upon information and belief, the corrosion occurs due to galvanic corrosion between the zinc piston and the steel spring. The corrosion phenomenon results in the build-up of hydrogen gas, pitting and spreading of the ID/OD surfaces of the zinc piston, as well as the formation of organic acid deposits, solid metallics, and oxide debris due to corrosion.

22.    Suzuki knew for years that their Sport Motorcycles had dangerous braking issues yet failed to take action. Specifically, Suzuki began to receive the first complaints about the FBMC failure in 2004, when numerous competitors in the American Motorcyclist Association competition complained about this issue. However, Suzuki failed to take any action to remove the defective product from the market.

//

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

23.     By 2012, Suzuki acknowledged the extreme dangers associated with brake failure in its external communications. Particularly, during the following email exchange between Suzuki Directors on December 5, 2012, regarding "GSX-R Series Pressure Loss North America Investigation Report," one of the Directors wrote: "My understanding that **it is very dangerous** …. **Speed of response is slow.** Due to the nature of its content, **it is a recall matter**. **It is a matter that involves human lives**. **Prioritize it**."

24.     Despite being aware that Sport Motorcycles posed serious danger to human lives and recognizing that a recall was necessary, Suzuki continued to manufacture and sell its Sport Motorcycles.

25.     In January 2013, Suzuki analyzed the components of FBMC and found that the air entrapped in the FBMC was 75% hydrogen. This hydrogen chemically reacted with the internal metals of the FBMC, causing corrosion. It was at this point—if not earlier—that Suzuki was fully aware of the cause of the front brake failure in their product line. A recall was necessary.

26.     Unfortunately, despite knowledge that a recall was necessary, Suzuki decided that the upcoming sales season was more important. Specifically, in the February 20, 2013 email, a Suzuki director wrote, "There is a concern that **[recall] could have a negative impact on retail sales**… ."

27.     Suzuki actively concealed the issue from the public, instead allowing consumers and dealers to blame themselves for lack of maintenance, admitting in an internal memorandum that "customers and dealers don't think that [FBMC failures] are product defects. Rather, they think they are maintenance issues."

28.     Suzuki was aware of the defect and intentionally failed to act while acknowledging their failure to address it was illegal. For example, Suzuki's internal memorandum stated, "If we don't respond actively and the problem comes to light, the courts and [National Highway Traffic Safety Administration] will demand disclosure of documents, and **we will be in a situation where Suzuki knew about the problem and did nothing to respond**, and we won't be able to defend [ourselves.]"

29.     In November 2013, Suzuki initiated a "safety" recall campaign of the following make and models:  2004-2013 GSX-R600, 2004-2013 GSX-R750, and 2005-2013 GSX-R1000.

CLASS ACTION COMPLAINT

30.    Suzuki's recall notice provided the following explanation for the recall:

"After a long-term service life of the motorcycle without changing the brake fluid, the brake fluid can deteriorate and absorb moisture. The brake piston inside the front brake master cylinder of some motorcycles may not have uniform surface treatment.

This combination of conditions can lead to corrosion of the brake piston. Corrosion of the brake piston generates gas, which may not be adequately purged from the master cylinder due to the side position location of the reservoir port. Gas remaining in the master cylinder can affect braking power by reducing proper fluid pressure transmission to the front brake. Over time, as gas continues to slowly accumulate above the reservoir port, the front brake lever may develop a "spongy" feel and stopping distances may be extended, increasing the risk of a crash. For your safety and customer satisfaction, we are initiating a safety recall campaign **to replace the affected front brake master cylinder**."

31.    However, Suzuki failed to fix the FBMC defect, and post-recall FBMCs continued to suffer from corrosion.

32.    Specifically, the new FBMCs continue to show organic acids that are still corroding with the zinc piston, producing hydrogen that results in FBMC failure.

33.    Suzuki is aware that the recall did not remove the defect and that their Sport Motorcycles are still defective.

34.    Despite Suzuki's knowledge of the defect, Suzuki continues to manufacture, advertise, and sell Sport Motorcycles.

35.    Suzuki had a duty to disclose the defect to Plaintiffs and Class members because Suzuki had exclusive and/or far superior knowledge and access to the facts about the FBMC defect. Suzuki also knew that these technical facts were not known to or reasonably discoverable by Plaintiffs.

36.    Suzuki knew the FBMC defect (and its safety risks) was a material fact that would affect Plaintiffs' and Class members' decisions to buy Sport Motorcycles.

37.    Suzuki unlawfully failed to disclose the FBMC defect to induce Plaintiffs and other putative Class members to purchase Sport Motorcycles.

38.     Suzuki engaged in deceptive acts or practices pertaining to all transactions involving the Sport Motorcycles. Suzuki unlawfully induced Plaintiffs and Class members to purchase their Sport Motorcycles by concealing a material fact (the FBMC defect) and that Plaintiffs and Class

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

members would have paid less for the Sport Motorcycles or not purchased them at all had they known of the FBMC defect.

39.     Accordingly, Suzuki's ill-gotten gains, and benefits accrued in the form of increased sales and profits resulting from the material omissions that did, and likely will continue to, deceive consumers, should be disgorged.

## V.   CLASS ALLEGATIONS

40.     Plaintiffs bring this action individually and on behalf of all other persons similarly situated pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3). This action satisfies the numerosity, commonality and predominance, typicality, adequacy, superiority, and injunctive and declaratory relief requirements of those provisions.

41.     The Nationwide Class which Plaintiffs seek to represent is defined as follows:
All persons in the United States and its territories who purchased or leased Suzuki Sport Motorcycles in the last four years.

42.     In addition to the Nationwide Class, and pursuant to Federal Rules of Civil Procedure 23(c)(5), Plaintiffs seek to represent all members of the California Subclass defined as follows:

All persons in the State of California who purchased or leased Suzuki Sport Motorcycles in the last four years.

43.     The class definitions may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

44.     The Class is so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands throughout California and the United States. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

45.     Common questions of fact and law predominate over questions that may affect individual class members, including the following:

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

a.     Whether Defendants designed, manufactured, advertised, sold, and placed Sport Motorcycles into the stream of commerce;

b.     Whether Sport Motorcycles suffer from the FBMC defect;

c.     Whether the FBMC defect constitutes an unreasonable safety hazard;

d.     Whether the FBMC defect created a foreseeable risk of harm to Plaintiffs and Class members;

e.     Whether the defective nature of the Sport Motorcycles' FBMC constitutes a material fact;

f.     Whether Defendants had and have a duty to disclose the defective nature of the Sport Motorcycles' FBMC to Plaintiffs and other Class members;

g.     Whether Defendants know or reasonably should have known of the FBMC defect contained in Sport Motorcycles before it sold or leased them to Plaintiffs and Class members;

h.     Whether Defendants engaged in unfair, unlawful, and/or deceptive business practices in selling and leasing to Plaintiffs and Class members Sport Motorcycles affected by the FBMC defect;

i.     Whether Defendants' conduct violated consumer protection statutes, warranty laws, and other laws asserted herein;

j.     Whether Plaintiffs and other Class members are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction;

k.     Whether Plaintiffs and other Class members are entitled to damages, including compensatory, and statutory damages, and the amount of such damages;

l.     Whether Plaintiffs and Class members suffered diminution in value resulting from the FBMC defect.

46.     Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs, like all Class members, purchased Sport Motorcycles designed and manufactured by Suzuki that are defective. The representative Plaintiffs, like all Class members, have been damaged by Suzuki's misconduct in that they possess Sport Motorcycles that are unsafe and unfit for their intended purpose, overpaid

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

for the Sport Motorcycles, and suffered or will suffer damages due to the diminished value of their Sport Motorcycles caused by the FBMC defect. Furthermore, the factual basis of Suzuki's misconduct is common to all Class members and represents a common thread resulting in injury to the Class as a whole. Plaintiffs assert the same claims and forms of relief as the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained competent and experienced counsel in class action and other complex litigation.

47.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

48.    The trial and litigation of Plaintiffs' claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economics of scale, and comprehensive supervision by a single court.

49.    Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

50.    Absent a class action, Defendants will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

//

//

//

//

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1   **FIRST CAUSE OF ACTION**

2   **Breach of Implied Warranty**

3   **Against all Defendants**

4   **(On Behalf of All Plaintiffs and the Class)**

5   **(Based on California Law)**

6       51.    Plaintiffs reallege and incorporate by reference all preceding allegations as though

7   fully set forth herein.

8       52.    Plaintiffs bring this cause of action under California Law on behalf of themselves, the

9   Nationwide Class, and the California Subclass.

10      53.    Defendant Suzuki was at all relevant times the manufacturer, distributor, warrantor,

11  and/or seller of Sport Motorcycles. Defendants knew or had reason to know of the specific use for

12  which the Sport Motorcycles were purchased.

13      54.    Defendants provided Plaintiffs and Class members with an implied warranty that the

14  Sport Motorcycles and any parts thereof were merchantable and fit for the ordinary purposes for

15  which they were sold. However, the Sport Motorcycles were and are not fit for their ordinary

16  purpose of providing reasonably reliable and safe transportation because the Sport Motorcycles

17  suffer from the FBMC defect that can make driving unreasonably dangerous.

18      55.    Defendants impliedly warranted that the Sport Motorcycles were of merchantable

19  quality and fit for such use. This implied warranty included, among other things: (i) a warranty that

20  the Sport Motorcycles' FBMC designed, manufactured, supplied, distributed, and sold by

21  Defendants were safe and reliable for providing transportation; and (ii) a warranty that the Sport

22  Motorcycles' FBMC would be fit for its intended use while the Sport Motorcycles were being

23  operated.

24      56.    Plaintiffs and Class members relied on these warranties to their detriment.

25      57.    Contrary to the applicable implied warranties, the Sport Motorcycles were not

26  "merchantable" at the time of sale and thereafter, because they were not fit for its ordinary and

27  intended purpose of providing Plaintiffs and Class members with reliable, durable, and safe

28

---

11

**CLASS ACTION COMPLAINT**

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

transportation. Instead, the Sport Motorcycles are defective and pose a substantial safety hazard because of the FBMC problem.

58.    Sufficient privity of contract exists to assert this implied warranty claim.

59.    Defendants' actions, as complained of herein, breached the implied warranties that the sport motorcycles were of merchantable quality and fit for such use in violation of Cal. Civ. Code §§ 1792 and 1791.1, and Cal. Com. Code § 2314.

60.    As a direct and proximate result of Defendants' breach of these implied warranties, Plaintiffs and the Class have suffered damages, injury in fact, and ascertainable loss in an amount to be determined at trial. These damages include, but are not limited to, overpayment for the Sport Motorcycles, costs to get the Sport Motorcycles repaired, the loss of use of the Sport Motorcycles, costs associated with the replacement of the Sport Motorcycles damaged in collisions resulting from the FBMC defect, and/or the diminution in value of the Sport Motorcycle.

61.    The Plaintiffs and the Class are entitled to damages flowing from Defendants' breach of implied warranties, as well as all consequential and incidental damages resulting from this breach.

62.    Plaintiffs and Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendants' conduct described herein. Affording Defendants reasonable opportunity to cure the breach of written warranties therefore would be unnecessary and futile.

**SECOND CAUSE OF ACTION**

**Violations of Magnuson Moss Warranty Act (15 U.S.C. §§ 2301 *et seq.*)**

**Against All Defendants**

**(On Behalf of Plaintiffs and the Class)**

63.    Plaintiffs repeat and reallege the preceding paragraphs as if fully set forth herein.

64.    Plaintiffs bring this claim on behalf of the Nationwide Class.

65.    Congress enacted the MMWA, 15 U.S.C. §§ 2301 et seq., to address the widespread misuse of merchants' express warranties and to protect consumers from deceptive warranty practices. The MMWA imposes civil liability on any "warrantor" who fails to comply with any obligation under a written or corresponding implied warranty. Id. § 2310(d)(1).

66. The Sport Motorcycles are "consumer products" as defined in 15 U.S.C. § 2301(1).

67. Plaintiffs and members of the Class are "consumers" as defined in 15 U.S.C. § 2301(3).

68. Defendant Suzuki is a "supplier" and "warrantor" as those terms are defined in 15 U.S.C. § 2301(4) & (5), respectively.

69. In connection with the sale of the Sport Motorcycles, Defendants supplied Plaintiffs and the Class with "written warranties" as that term is defined in 15 U.S.C. § 2301(6).

70. 15 U.S.C. § 2310(d)(1) provides that "a consumer who is damaged by the failure of the supplier, warrantor, or service contractor to comply with any obligation under [the MMWA], or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state."

71. 15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with an implied warranty.

72. Defendants provided Plaintiffs and Class members with an implied warranty of merchantability in connection with the purchase of their motorcycles that is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7). As a part of the implied warranty of merchantability, Defendants warranted that the Sport Motorcycles were fit for their ordinary purpose and would pass without objection in the trade as designed, manufactured, and marketed, and were adequately contained, packaged, and labeled.

73. Defendants breached its implied warranties, as described herein, and is therefore liable to Plaintiffs under 15 U.S.C. § 2310(d)(1). The FBMC defect rendered the Sport Motorcycles unmerchantable and unfit for their ordinary use of driving when they were sold, and at all times thereafter.

74. Plaintiffs used their respective Sport Motorcycles in a manner consistent with their intended use and performed every duty required of them under the terms of the warranty, except as may have been excused or prevented by Defendants' conduct or by operation of law.

75. Plaintiffs and the Class seek to recover damages resulting directly from Defendants' breach of their implied warranties and their deceitful and unlawful conduct described herein. These

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

damages include, but are not limited to, overpayment for the Sport Motorcycles, costs to have the Sport Motorcycles repaired, the loss of use of their respective Sport Motorcycles, costs associated with the replacement of the Sport Motorcycles damaged in collisions resulting from the FBMC defect, and/or the diminution in value of Sport Motorcycles.

76.     The MMWA also permits "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Plaintiffs seek reformation of Defendants' respective written warranties to comport with their obligations under the MMWA and with consumers' reasonable expectations. Plaintiffs also seek to enjoin Defendant from acting unlawfully as alleged herein.

77.     Finally, Plaintiffs intend to seek such an award as prevailing consumers at the conclusion of this case. The MMWA provides for an award of costs and expenses, including attorneys' fees, to prevailing consumers in the Court's discretion. 15 U.S.C. § 2310(d)(2).

## THIRD CAUSE OF ACTION

### Violation of California Unfair Competition Law,

### Business & Professional Code Section 17200, *et. seq.*

### Against all Defendants

### (On Behalf of All Plaintiffs and the Class)

78.     Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

79.     Plaintiffs bring this claim on behalf of themselves, Class members, the Nationwide Class, and the California Subclass.

80.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising."

81.     Defendants' conduct, as described herein, was and is in violation of the UCL. Defendants' conduct violates the UCL in at least the following ways:

      i.    by failing to disclose the FBMC defect;

      ii.    by selling and leasing Sport Motorcycles that suffer from FBMC defect;

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

iii.     by knowingly and intentionally concealing from Plaintiffs and other Class members the FBMC problems;

iv.     by marketing Sport Motorcycles as safe and defect free, with refined suspension and brakes that provided precise and responsive handling, all while knowing of the FBMC problems; and

v.     by violating other California laws, including California consumer protection laws.

82.     Defendants intentionally and knowingly misrepresented and omitted material facts regarding the Sport Motorcycles with intent to mislead Plaintiffs and other Class members.

83.     In purchasing the Sport Motorcycles, Plaintiffs and other Class members were deceived by Defendants' failure to disclose and remedy the FBMC problems.

84.     Plaintiffs and other Class members reasonably relied upon Defendants' omissions. They had no way of knowing that Defendants were engaging in false and misleading conduct. As alleged herein, Defendant engaged in a pattern of deception and public silence in the face of the known FBMC problems. Plaintiffs and other Class members did not, and could not, unravel Defendant's deception on their own.

85.     Defendant sknew or should have known that their conduct violated the UCL.

86.     Defendant owed Plaintiffs and the other Class members a duty to disclose the truth about the Defect because the Defect created a safety hazard and Defendants:

i.     Possessed exclusive knowledge of the FBMC corrosion and its problems,

ii.     Intentionally concealed the foregoing from Plaintiffs and Class members; and/or

iii.     Made incomplete representations in advertisements and on its website, failing to warn the public.

87.     Defendants had a duty to disclose the FBMC problems, because Plaintiffs and the other Class members relied on Defendant's material omissions.

88.     Defendants' conduct proximately caused injuries to Plaintiffs and the other Class members that purchased the Sport Motorcycles and suffered harm as alleged herein.

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

89.     Plaintiffs and the other Class members were injured and suffered ascertainable loss, injury-in-fact, and/or actual damage as a proximate result of Defendants' conduct in that Plaintiffs and the other Class members incurred costs, including overpaying for their Sport Motorcycles that have suffered a diminution in value.

90.     Defendants' violations cause continuing injuries to Plaintiffs and Class members.

91.     Defendants' unlawful acts and practices complained of herein affect the public interest.

92.     Defendants' omissions alleged herein caused Plaintiffs and other Class members to make their purchases of their Sport Motorcycles. Absent those omissions, Plaintiffs and the other Class members would not have purchased these Sport Motorcycles, would not have purchased these Sport Motorcycles at the prices they paid, and/or would have purchased less expensive alternative motorcycles that did not contain the same problematic FBMC and did not fail to live up to industry standards.

93.     Accordingly, Plaintiffs and the other Class members have suffered injury-in-fact, including lost money or property, as a result of Defendants' omissions.

94.     Plaintiffs request that this Court enter such orders or judgments as may be necessary to restore to Plaintiffs and Class members any money Defendants acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 3345; and for such other relief as may be appropriate.

**FOURTH CAUSE OF ACTION**

**Unjust Enrichment**

**Against All Defendants**

**(On Behalf of Plaintiff and the Class)**

95.     Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth herein.

96.     Plaintiffs bought their Sport Motorcycles new, directly from Suzuki authorized dealerships.

//

97.    Every year, Defendants make millions of dollars in revenue selling and leasing Sport Motorcycles through its respective dealer networks across the United States.

98.    Plaintiffs allege upon information and belief that consumers are permitted to buy Sport Motorcycles directly from Defendants, but the proceeds flow through various dealers and/or related companies (e.g., their finance companies) back to Defendant.

99.    Accordingly, the purchase of Sport Motorcycles confers a direct monetary benefit on Defendant.

100.    Accordingly, Plaintiffs and the Class conferred a benefit upon Defendants, whether directly, indirectly, or through one or more affiliate entities.

101.    Defendants knowingly received and retained wrongful benefits and funds from Plaintiffs and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiffs and members of the Class.

102.    Defendants knew and appreciated the benefits conferred upon them through the sale of the Sport Motorcycles to Plaintiffs and members of the Class.

103.    Notably, federal law mandates that Suzuki maintain records of first–time purchasers of Sport Motorcycles, *see* 49 U.S.C. § 30117(b), and remains able to identify the owners of their used motorcycles, including the owners of certain Sport Motorcycles, to comply with recall notification procedures under applicable law. *See id*. § 30119(d)(1)(A).

104.    Defendants have long represented to the consuming public that the Sport Motorcycle are safe, reliable, and durable. However, the FBMC in Sport Motorcycles are not safe, reliable, or durable.

105.    As a result of Defendants' wrongful conduct, unsuspecting consumers like Plaintiffs and the Class overpaid for the Sport Motorcycles and incurred additional costs, thereby earning more profit.

106.    Defendants continued to market the Sport Motorcycle despite knowing that they were unsafe, foisting the cost Suzuki otherwise would have been forced to bear through a voluntary recall or otherwise on Plaintiffs and the Class.

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

107.   Under these circumstances, it would be unjust to allow Defendants to accept and retain the benefits identified herein without paying Plaintiffs and the Class them for their value.

108.   Plaintiffs and Class members have no adequate remedy at law.

### FIFTH CAUSE OF ACTION

**Fraud by Concealment (Based on California Law)**

**Against All Defendants**

**(On Behalf of Plaintiff and the Class)**

109.   Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

110.   Plaintiffs bring this claim on behalf of themselves, Class members, the Nationwide Class, and the California Subclass.

111.   Defendants intentionally concealed the FBMC problems.

112.   Defendants knew about the FBMC problems when making representations to Plaintiffs about the Sport Motorcycles.

113.   The Sport Motorcycles purchased by Plaintiffs and the other Class members contained FBMC defects prone to failure.

114.   Defendants had a duty to disclose the FBMC defect as alleged herein, because the FBMC defect created a safety hazard, and Plaintiffs and the other Class members relied on Defendants' omissions.

115.   As alleged herein, at all relevant times, Defendants have held out the Sport Motorcycles to be free from defects. Defendant touted and continued to tout the many benefits and advantages of the Sport Motorcycles but failed to disclose important facts related to the FBMC defect. This fact made Defendants' other disclosures about the Sport Motorcycles deceptive.

116.   The truth about the FBMC problems was known only to Defendants; Plaintiffs and the other Class members did not know these facts, and Defendants actively concealed these facts from Plaintiffs and Class members.

117.   Plaintiffs and the other Class members reasonably relied upon Defendants' deception. They had no way of knowing that Defendants were engaging in false and misleading conduct. As

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

consumers, Plaintiffs and Class members did not, and could not, unravel Defendants' deception on their own. Rather, Defendants intended to deceive Plaintiffs and Class members by concealing the true facts about the Sport Motorcycles.

118.   Defendants' omissions were material to consumers because they concerned qualities of the Sport Motorcycles that played a significant role in the value of the Sport Motorcycles.

119.   Defendants had a duty to disclose the FBMC problems and violations with respect to the Sport Motorcycles because details of the true facts were known and/or accessible only to Defendants, because Defendants had exclusive knowledge as to such facts, and because Defendants knew these facts were not known to or reasonably discoverable by Plaintiffs or Class members.

120.   Defendants also had a duty to disclose because they made general affirmative representations about the safe and defect-free nature of the Sport Motorcycles, containing refined suspension and brakes that provided precise and responsive handling, without telling the consumers that Sport Motorcycles had a fundamental FBMC issue that would affect the safety, quality, and performance of the Sport Motorcycle.

121.   Defendants' disclosures were misleading, deceptive, and incomplete because they failed to inform consumers of the additional facts regarding the FBMC problems as set forth herein. These omitted and concealed facts were material because they directly impacted the value of the Sport Motorcycles purchased by Plaintiffs and Class members.

122.   Defendants have still not made full and adequate disclosures and continue to defraud Plaintiffs and Class members by concealing material information regarding the FBMC problems.

123.   Plaintiffs and Class members were unaware of the omitted material facts referenced herein, and they would not have acted as they did if they had known of the concealed and/or suppressed facts, in that they would not have purchased or paid as much for cars with faulty technology, and/or would have taken other affirmative steps in light of the information concealed from them. Plaintiffs' and Class members' actions were justified. Defendants were in exclusive control of the material facts, and such facts were not generally known to the public, Plaintiffs, or Class members.

//

124.   Because of the concealment and/or suppression of facts, Plaintiffs and Class members sustained damage because they own Sport Motorcycles that are diminished in value as a result of Defendants' concealment of the true quality of the Sport Motorcycles. Had Plaintiffs and Class members been aware of the FBMC problems in the Sport Motorcycles and the Defendants' disregard for the truth, Plaintiffs and Class members would have paid less for their Sport Motorcycles or would not have purchased them at all.

125.   The value of Plaintiffs' and Class members' Sport Motorcycles have diminished as a result of Defendants' fraudulent concealment of the FBMC problems, which has made any reasonable consumer reluctant to purchase any of the Sport Motorcycles, let alone pay what otherwise would have been fair market value for the Sport Motorcycles.

126.   Accordingly, Defendants are liable to Plaintiffs and Class members for damages in an amount to be proven at trial.

127.   Defendants' acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' and Class members' rights and the representations that Defendants made to them, in order to enrich Defendants. Defendants' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, requests that this Court enter an order granting the following relief against Defendants:

a.   Awarding actual damages, statutory damages, exemplary/punitive damages, costs and attorneys' fees;

b.   Awarding disgorgement and/or restitution;

c.   Awarding pre-judgment interest to the extent permitted by law;

d.   Appropriate declaratory and injunctive relief enjoying Cigna from continuing its improper and unlawful claim handling practices as set forth herein'

e.   Such other and further relief as the Court may deem just and proper.

//

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1

**<u>JURY TRIAL DEMANDED</u>**

2          Plaintiffs demands a jury trial on all triable issues.

3

4     DATED: November 21, 2023                    **CLARKSON LAW FIRM, P.C.**

5                                                 By: */s/ Glenn A. Danas*

6                                                     Ryan J. Clarkson, Esq.
                                                      Glenn A. Danas, Esq.
7                                                     Zarrina Ozari, Esq.

8                                                 *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265